UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV-112-M

**BORIS NICKOLAEVICH SKUDNOV**                                 **PLAINTIFF**

**v.**

**JUDGE THOMAS B. RUSSELL**                                      **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff commenced this action against Defendant, Chief Judge Thomas B. Russell, by filling out a general complaint form. Along with his complaint, Plaintiff also filed an application to proceed without prepayment of filing fees. The Court granted Plaintiff's application. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). However, all but the opening three paragraphs of Plaintiff's fifteen-page complaint was written in a foreign language (presumably Russian) preventing the Court from conducting its initial review. Because "[t]he Clerk cannot be ordered to pay for the costs of translating pleadings from a foreign language to the English language," *Gomez v. Myers*, 627 F. Supp. 183, 187 (E.D. Tex. 1985), the Court ordered Plaintiff to re-file his complaint in English.

Plaintiff has now complied with the Court's Order by submitting a ten-page, typewritten document. The document is written entirely in English enabling the Court to conduct its initial review of the complaint.

### I. STANDARD OF REVIEW

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,167 L. Ed. 2d 929 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 540 U.S. 544, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF COMPLAINT

Plaintiff previously filed two actions in this Court that were assigned to Chief Judge Thomas B. Russell: 1) *Skudnov v. Housing Authority of Bowling Green*, 1:05CV-140-TBR; and 2) *Skudnov v. Housing Authority of Bowling Green*, 1:07CV-149-TBR. In the first action, Chief Judge Russell granted summary judgment to the defendant by order entered November 16, 2006. In the second action, by order entered October 5, 2007, Chief Judge Russell dismissed Plaintiff's case on initial review because it was barred by the doctrine of res judicata. Plaintiff's current action against Chief Judge Russell arises out of Chief Judge Russell's actions in these two cases. Specifically, Plaintiff claims that Chief Judge Russell violated Plaintiff's constitutional rights by: 1) deliberately closing Plaintiff's cases to protect the Housing Authority of Bowling Green; 2) ignoring the facts and evidence; 3) sending original materials associated with the cases to the Federal Records Center; 4) delaying the first case; 5) closing Plaintiff's subsequent cases without a trial; and 6) otherwise failing to allow Plaintiff to have his "case heard in a court of law."

## III. ANALYSIS

Pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), a plaintiff can assert a claim for money for injuries sustained as a result of a federal agent/actor's violation of the constitution while acting under his federal authority. Chief Judge Russell is a federal agent/actor. Additionally, the acts he took in Plaintiff's cases were unquestionably pursuant to the authority bestowed upon him by Congress and the Constitution. However, fatal to Plaintiff's claims is the fact that judges are absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the complained-of act was a judicial act (the function was normally

one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-62, (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump*, 435 U.S. at 359. Chief Judge Russell properly exercised jurisdiction over Plaintiff's cases, and every act that Plaintiff complains about was judicial in nature. Accordingly, Plaintiff's suit against Chief Judge Russell must be dismissed for failure to state a viable claim.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*

4414.008